# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
(Filed: August 22, 2024)

| | |
|---|---|
| \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*<br>ROBERT SCOTT and ANGELA M.<br>KECK as Co-Conservators of the Estate<br>of Minor, A.K.,<br><br>                  Petitioner,<br><br>v.<br><br><br>SECRETARY OF HEALTH<br>AND HUMAN SERVICES,<br><br>                  Respondent.<br>\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* | \*<br>\*<br>\*<br>\*<br>\*   No. 18-915V<br>\*<br>\*   Special Master Dorsey<br>\*<br>\*   Attorneys' Fees and Costs<br>\*<br>\*<br>\*<br>\*<br>\* |

<u>Leland F. Dempsey</u>, Dempsey & Kingsland, P.C., Kansas City, MO, for petitioner.
<u>Debra A. Filteau Begley</u>, U.S. Department of Justice, Washington, D.C., for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On June 26, 2018, Jessica Cook and Brandon Keck, as legal representatives of A.K., ("Petitioners") filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Act" or "the Program"), 42 U.S.C. § 300aa-10 et seq. (2018).[2] Petitioners allege that as a result of a diphtheria-tetanus-acellular pertussis ("DTaP"), hepatitis B ("Hep B"), inactivated polio ("IPV"), haemophilus influenzae type b ("Hib"), and Pneumococcal conjugate vaccines administered on September 15, 2015, A.K. developed transverse myelitis ("TM"). Petition at Preamble (ECF No. 1). On November 21, 2023, the parties filed a proffer, which the

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

undersigned adopted as her decision awarding compensation on November 22, 2023. (ECF No. 122).

On December 18, 2023, petitioners filed a motion for attorneys' fees and costs. Motion for Attorney Fees and Costs ("Fees App.") (ECF No. 127). Petitioners request compensation in the amount of $312,640.03, representing $231,015.40 in attorneys' fees and $81,624.63 in costs. Fees App. at 2. Petitioners did not indicate that they have incurred any costs related to this petition. Id. On June 24, 2024, the undersigned ordered petitioners to submit additional documentation to support their motion. ECF No. 129. On July 15, 2024, Petitioners filed a supplemental motion for attorneys' fees and costs providing the requested documentation. ECF No. 130. Respondent did not respond to petitioners' motion. The matter is now ripe for disposition.

**For the reasons discussed below, the undersigned GRANTS IN PART petitioner's motion and awards a total of $296,488.31.**

I. Discussion

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1). When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. at §15(e)(1). In this case, because petitioners were awarded compensation pursuant to a stipulation, they are entitled to a final award of reasonable attorneys' fees and costs.

A. Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorney's fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health and Human Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health and Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (2009).

2

A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (2011). Special masters may rely on their experience with the Vaccine Program and its attorneys to determine the reasonable number of hours expended. Wasson v. Sec'y of Health and Human Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991) rev'd on other grounds and aff'd in relevant part, 988 F. 2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours clamed in attorney fee requests … [v]accine program special masters are also entitled to use their prior experience in reviewing fee application." Saxton, 3 F. 3d at 1521.

i. **Reasonable Hourly Rates**

Petitioners request the following hourly rates for the work of their counsel:

|  | 2017 | 2018 | 2019 | 2020 | 2021 | 2022 | 2023 |
|---|---|---|---|---|---|---|---|
| Leland Dempsey, Esq. | $440 | $455 | $464 | $484 | $509 | $525 | $553 |
| Ms. Diane Plantz, M.D., J.D. | X | X | X | X | X | $275 | $386 |
| Mr. Jason Osteen | X | $396 | $448 | $467 | X | $507 | X |
| Mr. Kyle McRae | $230 | $238 | $324 | X | $355 | X | X |
| Paralegals & Law Clerk | $148 | $153 | $156 | $163 | $172 | $177 | $186 |

These rates require adjustment.

a. *Leland Dempsey*

Although Mr. Dempsey has entered an appearance in six cases within the Vaccine Program, including this case (cases filed in 2003, 2007, 2008, 2014, 2017, and 2018), the undersigned has not identified any cases where Mr. Dempsey was awarded an hourly rate for attorney's fees between 2017 and 2023, thus his hourly rate has not yet been determined. The undersigned can look at the OSM Forum Hourly Rate Fee Schedule[3] and what other attorneys with similar experience have been awarded to determine the reasonableness of his rates. Mr. Dempsey has been a licensed attorney since 1983, placing him in the range of attorneys with 31 or more years of experience for his time billed throughout the case. The Forum Hourly Rate Fee Schedule provides that an attorney 31 or more years of experience can be awarded a rate of $394.00-$440.00 per hour for 2017, $407.00-$455.00 per hour for 2018, $415.00-$464.00 per hour for 2019, $433.00-$484.00 per hour for 2020, $455.00-$509.00 per hour for 2021, $470.00-$525.00 per hour for 2022, and $495.00-$553.00 per hour for 2023. For each year billed, Mr. Dempsey requests a

---

[3] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited June 24, 2024).

rate that is at the very top of the range. These rates are higher than what special masters have found reasonable for attorneys with similar experience, and do not account for Mr. Dempsey's *Vaccine Program* experience, nor his experience within the range. Mr. Dempsey's rates, while within the ranges of the fee schedule for attorneys with 31 or more years of experience, they are on the high end for an attorney with his level of experience each year.

The undersigned finds cause to reduce the requested hourly rates from 2017 to 2020, in the earlier years that Mr. Dempsey worked on this case. However, due to his experience gained over time, the undersigned awards his requested rates for 2021 to 2023. As such, Mr. Dempsey is awarded the following rates: $400.00 per hour for work completed in 2017, $425.00 per hour for work completed in 2018, $450.00 per hour for work completed in 2019, and $475.00 per hour for work completed in 2020. He is awarded his requested rate of $509.00 for 2021, his requested rate of $525.00 for 2022, and his requested rate of $553.00 for the work done in 2023. This results in a reduction of **$1,736.70**.[4]

b. Diane Plantz

Attorney Diane Plantz, M.D., J.D. has been licensed to practice law since 2019, placing her in the range of attorneys with less than four years' experience for her time billed in 2022, and the range of attorneys with 4-7 years of experience for her time billed in 2023. *See* Fees App. Ex. H at 1. According to her affidavit, prior to become a practicing attorney, Attorney Plantz practiced pediatric emergency medicine for more than 20 years, from 1994 to 2017. *Id.* Attorney Plantz was previously awarded $172.00 for time billed in 2021, before she was admitted to practice in the Court of Federal Claims in 2022. See Goode v. Sec'y of Health & Human Servs., No. 20-0985V, 2023 WL 3721903, at *2 (Fed. Cl. Spec. Mstr. May 30, 2023); see also Winning v. Sec'y of Health & Human Servs., No. 21-2285V, 2024 WL 1757166 (Fed. Cl. Spec. Mstr. Mar. 20, 2024).

The Forum Hourly Rate Fee Schedule provides that an attorney less than 4 years of experience can be awarded a rate of $183.00-$275.00 per hour for 2022, and an attorney with 4-7 years of experience a rate of $289.00-$386.00 per hour for 2023. Attorney Plantz requests $275.00 per hour for work performed in 2022, and $386.00 per hour for work performed in 2023. For each year billed, Attorney Plantz requests a rate that is at the very top of the range. However, to account for Attorney Plantz's advanced degree, the undersigned awards the requested rates.

c. Jason Osteen

Mr. Osteen was previously awarded hourly rates of $400.00 per hour for work performed in 2019 and 2020, lower than what is being requested herein. See Kastl v. Sec'y of Health & Human Servs., No. 17-43V, 2022 WL 2133790 (Fed. Cl. Spec. Mstr. May 23, 2022). Retroactive rate increases are not permitted in the Vaccine Program. See, e.g. Ramirez v. Sec'y of Health & Human Servs., No. 16-1180V, 2019 WL 948385, at *2 (Fed. Cl. Spec. Mstr. Jan. 30, 2019) (noting that counsel "should only submit billing logs that reflect the hourly rate previously awarded to

---

[4] (7.1 hours x ($440.00 – $400.00)) + (29.9 x ($455.00 – $425.00)) + (26.9 x ($464.00 – $450.00)) + (19.9 x ($484.00 – $475.00)) = $1,736.70.

4

him."). For 2022, Mr. Osteen requests a rate of $507.00 per hour for work performed in 2022. Mr. Osteen was licensed to practice law in 1999, placing him in the range of attorneys with 20-30 years of experience for his time billed in 2022. The Forum Hourly Rate Fee Schedule provides that an attorney 20-30 years of experience can be awarded a rate of $427.00-$507.00 per hour for 2022. Mr. Osteen requests a rate that is at the very top of the range, which does not account for his limited Vaccine Program experience, nor his experience within the range.

Due to Mr. Osteen's limited experience in the Vaccine Program, the undersigned finds cause to reduce the requested hourly rate to commensurate with his vaccine experience. As such, Mr. Osteen is awarded the following rates: his requested rate of $396.00 per hour for 2018, $400.00 per hour for work performed in 2019 and 2020, and $445.00 per hour for work performed in 2022. This results in a reduction of **$105.40**.[5]

### d. Kyle McRae

Mr. McRae was previously awarded an hourly rate of $200.00 per hour for work performed in 2018, lower than what is being requested herein. See Kastl v. Sec'y of Health & Human Servs., No. 17-43V, 2022 WL 2133790 (Fed. Cl. Spec. Mstr. May 23, 2022). Mr. McRae has been licensed to practice law since 2015, placing him in the range of attorneys with less than 4 years of experience for his time billed in 2017 and 2018, and the range of attorneys with 4-7 years of experience for his time billed in 2019 and 2021. See Fees App. Ex. F at 1.

The Forum Hourly Rate Fee Schedule provides that an attorney less than 4 years of experience can be awarded a rate of $153.00-$230.00 per hour for 2017, and $159.00-$238.00 per hour for 2018, and an attorney with 4-7 years' experience can be awarded a rate of $243.00-$324.00 per hour for 2019, and $275.00-$366.00 per hour for 2021. Mr. McRae requests rates that are at the very top of the range, which does not account for his limited Vaccine Program experience, nor his experience within the range.

Due to Mr. McRae's limited experience in the Vaccine Program, the undersigned finds cause to reduce the requested hourly rate to commensurate with his vaccine experience. As such, Mr. McRae is awarded the following rates: $200.00 per hour for work performed in 2017 and 2018, $260.00 per hour for work performed in 2019, and $335 per hour for work performed in 2021. This results in a reduction of **$1,053.00**.[6]

### e. Paralegals and Law Clerk

The paralegals at Dempsey & Kingland, P.C., were previously awarded an hourly rate of $75.00 per hour for work performed in from 2017 through 2021, lower than what is being requested herein. See Kastl v. Sec'y of Health & Human Servs., No. 17-43V, 2022 WL 2133790

---

[5] (1.1 hours x ($448.00 – $400.00)) + (0.6 x ($467.00 – $400.00)) + (0.2 x ($507.00 – $445.00)) = $105.40.

[6] (0.4 hours x ($230.00 – $200.00)) + (1.9 x ($238.00 – $200.00)) + (13.7 x ($324.00 – $260.00)) + (4.6 x ($355.00 – $335.00)) = $1,053.00.

(Fed. Cl. Spec. Mstr. May 23, 2022). The Forum Hourly Rate Fee Schedule provides that paralegals be awarded a rate of $153.00-$177.00 per hour for 2022, and $161.00-$186.00 per hour for 2023. Counsel requests a rate that is at the very top of the range for the work performed by the paralegals and law clerk but provided no documentation to support the requested rates. Thus, the undersigned reduces the hourly rates to the following: $75.00 per hour for work performed in 2017 through 2021, $170.00 per hour for work performed by the paralegals and law clerk in 2022, and $180.00 per hour for work performed by the paralegals in 2023. This results in a reduction of **$1,948.00**.[7]

Together, the preceding rate adjustments result in a reduction to attorneys' fees in the amount of **$4,843.10**.

### ii. Reasonable Hours Expended

In reducing an award of fees, the goal is to achieve rough justice, and therefore a special master may take into account their overall sense of a case and may use estimates when reducing an award. See Florence v. Sec'y of Health & Human Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011). It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. Bell v. Sec'y of Health & Human Servs., 18 Cl. Ct. 751, 760 (1989); Rodriguez, 2009 WL 2568468. Petitioner bears the burden of documenting the fees and costs claimed. Id. at *8.

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." Avera, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton ex rel. Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." Raymo v. Sec'y of Health & Human Servs., 129 Fed. Cl. 691, 703 (2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Saxton, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. See Broekelschen, 102 Fed. Cl. at 728–29 (affirming the Special Master's reduction of attorney and paralegal hours); Guy v. Sec'y of Health & Human Servs., 38 Fed. Cl. 403, 406 (1997) *3.

The undersigned has reviewed the submitted billing entries and finds a reduction in the total number of hours billed to be reasonable and necessary. First, Counsel engaged in duplicative and excessive billing where multiple attorneys and paralegals billed for attending the

---

[7] (3 hours x ($148.00 – $75.00)) + (8.4 x ($153.00 – $75.00)) + (8.5 x ($156.00 – $75.00)) + (2.6 x ($163.00 – $75.00)) + (0.7 x ($172.00 – $75.00)) + (3.4 x ($177.00 – $170.00)) + (10.8 x ($186.00 – $180.00)) = $1,948.00.

same conferences or meetings or completing the same task on the same day.[8] Additionally, Counsel billed for excessive interoffice communication. See Maciel v. Sec'y of Health & Human Servs., No. 15-362V, 2019 WL 6249369, at *3 (Fed. Cl. Spec. Mstr. Oct. 17, 2019); Oliver v. Sec'y of Health & Hum. Servs., No. 10-394V, 2019 WL 2246727, at *3 (Fed. Cl. Spec. Mstr. Apr. 16, 2019). Over 115 entries were billed for the staff to discuss the case internally, inter-office meetings, providing case updates, and developing case strategies. See Fees. App., Ex. J.

Second, various entries are for time completing administrative tasks, such as filing documents. "Clerical and secretarial tasks should not be billed at all, regardless of who performs them." Paul v. Sec'y of Health & Human Servs., No. 19-1221V, 2023 WL 1956423, at *3 (Fed. Cl. Spec. Mstr. Feb. 13, 2023); see also Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature ... should be considered as normal overhead office costs included within the attorneys' fee rates"). For example, time was billed for the following: "Organize/scanned medical records/bills" "Medical records ordered status update" "Saved and renamed medical literature articles" "Paid for medical records over the phone," and "Prepared Notice of Filing and fled Notice of Filing of Medical records with Vaccine Court." See Fees. App., Ex. J at 2, 6, 9, 11. Counsel continued to bill for receiving, scanning, organizing, and filing documents throughout litigation, with the last entry being "Filed Status Report; scanned out of pocket expenses & updated list of out of pocket expenses" dated July 24, 2023." Id. at 39. There are more than 50 billing entries for administrative tasks.

Finally, counsel billed hourly rates for tasks which are typically performed by paralegals in Vaccine Program litigation, such as requesting medical records and organizing documents for filing with the Court. Attorneys may be compensated for paralegal-level work, but only at a rate that is comparable to what would be paid for a paralegal. See, e.g. Doe/11 v. Sec'y of Health & Human Servs., No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing Missouri v. Jenkins, 491 U.S. 274, 288 (1989)); Mostovoy v. Sec'y of Health & Human Servs., No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); Riggins v. Sec'y of Health & Human Servs., 99-382V, 2009 WL 3319818, at *20-21 (Fed. Cl. Spec. Mstr. June 15, 2009); Turpin v. Sec'y of Health & Human Servs., No. 99-535, 2008 WL 5747914, at *5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008). The undersigned finds a reduction necessary for time spent performing paralegal tasks, including requesting medical records, checking the status of medical records, reviewing filed exhibits, responding to inquiries, and scheduling meetings. See Fees App. Ex. J.

Given the extensive duplicative billing, excessive inter-office communication, billing for non-compensable administrative tasks, and attorney time billed for performing paralegal tasks, the undersigned finds a 5% reduction[9] in fees reasonable. This results in a further reduction of **$11,308.62**.

---

[8] For examples, see entries dated October 24, 26, 27 31, 2017; January 2, 24, 2018, April 16, 17, 19, 2018; April 5, 8, 30, 2019; September 28, 2020, November 24, 2020; November 4, 19, 29, 2021; and, March 16, 2022. See Fees App. Ex. J. This is not an exhaustive list. The undersigned notes more than 100 entries where multiple attorneys and/or paralegals billed for attending the same meetings or completing the same tasks.

[9] The undersigned cautions that in the future the percentage deduction may be increased since counsel have been warned to avoid duplicative billing practices.

7

### a. Attorneys' Costs

Petitioners request a total of $81,624.63 in attorneys' costs. This amount is comprised, in part, of acquiring medical records, postage, printing, faxes, copies, the Court's filing fee, and medical literature research provided by Cathy L. Brown, RN. The undersigned has reviewed the requested costs and finds them to be reasonable.

Petitioners also requests attorneys' cost for six experts. Petitioners request $42,914.44 for life care planner services performed by Ms. Elizabeth Kattman, M.S., of ReEntry Rehabilitation Services, Inc. which totaled 230.96 hours billed at either $185.00 per hour or $225.00 per hour, as well as reimbursement for travel-related costs for the client visit including roundtrip airfare, car rental, gas, hotel, and meals. Fees App. Ex. B at 2-13. ReEntry Rehabilitation life care planners have been previously compensated at this rate for similar work. See, e.g., Desai v. Sec'y of Health & Human Servs., No. 14-811V, 2018 WL 6819551, at *8 (Fed. Cl. Spec. Mstr. Nov. 27, 2018); See, e.g., Ferguson v. Sec'y of Health & Human Servs., No. 17-1737V, 2022 WL 1467655, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2022). The undersigned finds these costs reasonable and well-documented.

Petitioners request $4,575.00 for economist services performed by Mr. Jeffrey E. Nehls, MA, and Hannah J. Suarez, MS of Pacey Economics, Inc., which totaled 17 hours billed at $275.00 per hour for 16 hours and $175.00 for 1 hour. The undersigned finds these hourly rates to be reasonable for Pacey Economics' work in this case and it is within the range that other special masters have awarded to economists in the Vaccine Program. See, e.g., Reinhardt v. Sec'y of Health & Human Servs., No. 18-174V, 2022 WL 226048, at *2 (Fed. Cl. Spec. Mstr. Jan. 11, 2022). Pacey Economics' hours are also reasonable. The full amount for their work shall therefore be awarded.

Petitioners only request reimbursement of the $2,000.00 retainer for Dr. Kinsboune's work. Fees App. Ex. B at 28. Petitioner did not include billing records for work performed by Dr. Kinsbourne, reflecting time billed and an appropriate hourly rate. However, as Dr. Kinsbourne is an expert with extensive experience in the program, I shall award his retainer of $2,000.00. See Chavez v. Sec'y of Health & Human Servs., No. 16-1479V, 2023 WL 6461956, at *2 (Fed. Cl. Spec. Mstr. Aug. 30, 2023). For future, counsel is reminded that supporting documentation for any expert must be included within a request for costs.

The services of former Chief Special Master Gary Golkiewicz for mediation services, in the total amount of $22,550.40 at a rate of $464.00 per hour, is supported by his invoice. Fees App. Ex. B at 24-25. Accordingly, petitioners are awarded the full amount of costs sought for mediator former Chief Special Master Golkiewicz.

Finally, petitioners request $12,312.50 in costs, including a $5,000.00 retainer, for their expert, Jonathan D. Santoro, MD. Fees App. Ex. B at 21. Dr. Santoro submitted one expert report, totaling 27 pages. Ex. 56. Dr. Santoro billed at a rate of $925.00 per hour for 12.5 hours of work on this matter, as well as neuroimaging scan review of three scans at a rate of $250.00 per scan. Fees App. Ex. B at 65. Based on the overall reasonable amount of Dr. Santoro's bill,

the undersigned will award it and will not determine a reasonable hourly rate for his work.  The undersigned's decision in this regard is also based on the quality of the expert report, Dr. Santoro's education, training, experience, and practice.  Further, Dr. Santoro is a pediatric neurologist who is certified by the American Board of Psychiatry and Neurology, and at the time of the expert report, was the director of the Neuroimmunology and Demylinating Disorders Program and an attending neurologist at Children's Hospital Los Angeles. Id.

Thus, petitioners are awarded the full amount of costs sought.

### II. Conclusion

Based on all of the above, the undersigned finds that it is reasonable compensate petitioners and their counsel as follows:

| Attorneys' Fees Requested | $231,015.40 |
|---|---|
| (Total Reduction from Billing Hours) | ($16,151.72) |
| **Total Attorneys' Fees Awarded** | **$214,863.68** |
| | |
| Attorneys' Costs Requested | $81,624.63 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$81,624.63** |
| | |
| **Total Attorneys' Fees and Costs Awarded** | **$296,488.31** |

**Accordingly, the undersigned awards $296,488.31 in attorneys' fees and costs, in the form of a check payable jointly to petitioners and petitioners' counsel, Mr. Leland Dempsey.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[10]

**IT IS SO ORDERED.**

s/Nora Beth Dorsey
Nora Beth Dorsey
Special Master

---

[10] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.